RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
KEISHA K. MATTHEWS
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Keisha_Matthews@fd.org

Attorney for Johnny Chen

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:25-cr-00098-GMN-BNW |
| Plaintiff, | **STIPULATION TO MODIFY CONDITIONS OF RELEASE** (Sixth Request) |
| v. | |
| JOHNNY CHEN, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Todd Blanche, Deputy Attorney General, through Kimberly M Frayn, Assistant United States Attorney, and Keisha K. Matthews, Assistant Federal Public Defender, counsel for Johnny Chen, that Mr. Chen's pretrial release travel condition be modified to allow Mr. Chen to make one trip to Miami, Florida as outlined below:

This stipulation is entered into for the following reasons:

1.       Mr. Chen requests a modification of his travel condition to allow him to travel to Florida from March 25, 2026, to April 1, 2026.

2.       Mr. Chen's other conditions of pretrial release will remain in effect.

3.       Before travelling, Mr. Chen will provide to Pretrial Services his itinerary and address where he will be staying in Florida.

4.       Mr. Chen's Pretrial Services Officer reports that Mr. Chen is in compliance with his conditions of release.  However, she defers to the Court regarding Mr. Chen's travel to Florida.

5.       The parties agree to this modification.

6.       The Bail Reform Act ("The Act") requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987).  In deciding whether to impose certain conditions for pretrial release, the Court is obligated to consider the two dual goals of 18 U.S.C. § 3142. The two express goals of 18. U.S.C. § 3142 are (1) to reasonably assure a defendant's presence in court and (2) to protect the public. *Id*. To determine whether there are conditions that would reasonably protect the safety of the community, the court should consider whether the defendant will likely make a good faith effort at complying with the conditions and whether the conditions are easily circumvented or manipulated. *United States. v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008).  To

make this determination, there must be an "individualized, fact-specific inquiry." *Id.*, at 1094.

6.      In addition to the facts and circumstances that led to Mr. Chen's release on conditions 33 months ago, Mr. Chen is in compliance with his conditions of release. *See* ECF No. 7, "Minutes of Proceedings - Initial Appearance as to Johnny Chen held on 5/31/2023 before Magistrate Judge Nancy J. Koppe."

7.      Mr. Chen has been permitted to travel five times (*See* ECF Nos. 15, 19, 42, 44, and 49) and each time has followed his itinerary and returned as promised. He has demonstrated to his Pretrial Services Officer and the Court that he is not a risk of flight and that he can be trusted to travel to Florida and appear for all future court appearances.

8.      Wherefore, the parties hereby stipulate and request that Mr. Chen be permitted to travel to Florida during the dates stated above, but only after providing to his Pretrial Services Officer his itinerary and address where he will be staying in Florida.

This stipulation is GRANTED.  In the future, counsel must ensure that they comply with Local Rule IA 6-2, which requires that the judicial "signature block must not begin on a separate page."
IT IS SO ORDERED.
Dated:  March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge